Curia, per O’Neall, J.
In this case, it seems to me that upon the plainest principles, the plaintiff is entitled to recover ; his action is against the very party who assigned, and who is still in possession of the goods. He cannot object, that the plaintiff is not entitled to recover damages against him for the conversion of goods, the possession of which he had the right to demand from him. It is in all resnects the same case as if the defendant had sold, and by writing had conveyed the goods to the plaintiff; in such a case no one would doubt the plaintiff was entitled to recover. Other matters altogether foreign to the question, were mixed up with the case before the Recorder; and in that way his mind was turned off from the plain point, on which we place the case.
In deciding that the plaintiff is entitled to recover, it by no means follows that he is entitled to recover the full value of the goods. They were conveyed to him subject to the mortgage to John Tylee, and if he fails to shew that that mortgage ought not to have legal effect, he can only be entitled to recover so much of the value of the goods as may be left after satisfying it, or if the goods should not be more than enough to satisfy it, then he could only recover nominal damages.
The motion is granted.
Richardson, Evans and Wardlaw, JJ., concurred.

Motion granted.